IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AUDREY EDWARDS, individually, ) | |
| and as Widow and Administrator of the ) | |
| Estate of Aredell Edwards, deceased, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.  06-2336-KHV |
| ) | |
| FIRST RESPONSE, INC., ) | |
| ) | |
| Defendant. ) | |

## PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

Plaintiff Audrey Edwards ("Plaintiff") and Defendant First Response, Inc. ("Defendant"), by and through their respective counsel and on their own behalf, having stipulated to the terms of this Order, and the Court being fully advised in the premises, it is hereby **ORDERED**:

1.      On or about June 20, 2006, Plaintiff filed a Petition for Wrongful Death in the District Court of Wyandotte County, Kansas against Defendant alleging, among other things, that Defendant failed to provide adequate security services on or about July 2, 2004 at the ConAgra plant in Kansas City, Wyandotte County, Kansas.  Plaintiff has alleged that as a result of Defendant's inadequate provision of security services at the ConAgra plant on July 2, 2004, an assailant entered the premises, shooting and killing Aredell Edwards, decedent. On August 11, 2006, Defendant removed the action to the United States District Court for

the District of Kansas pursuant to 28 U.S.C. §§ 1441, 1446.  It is anticipated by the parties

that certain documents to be produced by Defendant during the course of discovery in this

litigation will contain trade secrets and other confidential research, development, proprietary

and commercial information pertaining to Defendant's security services company, including

but not limited to, practices, procedures, charge and expense structures and other information

which if disclosed to the public or to Defendant's competitors, would cause Defendant great

harm and damage, monetarily and otherwise.  These documents are hereinafter referred to

as "Confidential Documents."  Except as otherwise indicated below, all documents that

Defendant designates as "Confidential" and that are produced by Defendant to Plaintiff, or

to her attorneys, consultants, agents or experts in this action shall be considered protected

documents and given confidential treatment as described below.

      2.      All documents produced by Defendant which it designates as "Confidential"

shall be disclosed only to:

      a.      Plaintiff;

      b.      Any counsel for Plaintiff who has entered an appearance in this case;

      attorneys employed by or members of said counsel's firm; paralegals

      employed by said counsel's firm; and secretarial or clerical personnel

      employed by said counsel's firm when operating under said counsel's

      supervision and control;

      c.      Judges and court personnel of this Court; the jury in this action;

      certified court reporters acting as such; and, to the extent necessary to

prosecute any appeals of this action, the judges and court personnel of the appellate courts; and

d.      Such persons as are employed by counsel to act as consultants or experts, translators, or interpreters in this action.

3.      "Confidential Documents" shall be disclosed to the persons enumerated in paragraph 2 only for use with respect to this action.

4.      The information to be considered as "Confidential" and disclosed only in accordance with the terms of this Order shall include, without limitation, all trade secrets and other confidential and/or proprietary research, development and commercial information or information related to private matters of individuals supplied by Defendant in response to the demands or requests of the Plaintiff, formal or informal, regardless of whether said information is produced or disclosed by Defendant or by any affiliated company or corporation.  Notwithstanding the foregoing, "Confidential" information shall not mean information or documents produced or disclosed that the Plaintiff lawfully obtains, without violating this Order and apart from production or disclosure in connection with this litigation.

5.      Counsel for the producing party may designate documents as "Confidential by affixing thereon a stamp marked "Confidential" or a comparable designation, with a notation indicating the party making the designation.  This designation shall be made prior to making copies of documents available to opposing counsel.  The designation shall be made on the document copies selected for production by producing counsel as they are finally delivered or made available to the opposing party.

6.      Any party may designate as "Confidential Documents" portions of transcripts of depositions, or exhibits thereto, containing information deemed confidential, by making such designation at the deposition of a deponent or upon examination of a transcript of such deposition.  Counsel will provide for the separate binding of the designated portions of the transcripts of any such depositions and exhibits and will mark these portions "Confidential." Counsel may designate non-documentary materials as confidential by informing opposing counsel of that designation at the time of disclosure of such information, or at a reasonable time thereafter.

7.      All "Confidential Documents" produced or disclosed in this action shall be used solely for the purposes of preparation for and the trial of this action.  Under no circumstances shall information or materials covered by this Order be disclosed or disseminated to anyone other than those person set forth herein.

8.      If a party wishes to use any "Confidential Documents" in any affidavits, briefs, memorandum of law, oral argument, or other papers filed in this Court in this litigation, such papers or transcript may be filed under seal only upon separate, specific motion and later order of the Court.[1]

9.      At any time following the delivery of materials designated "Confidential Documents," counsel for the receiving party may challenge the confidential designation of any such materials (or portion of such materials) by providing to counsel for the producing

---

[1] *See Holland v. GMAC Mortgage Corp.*, No. 03-2666, 2004 WL 1534179, at *1-*2 (D. Kan. June 30, 2004) (citations omitted).

party a written notice of such challenge identifying each document, transcript, or item of information challenged.  The notice shall identify the disputed information and shall state the reason such information should not be accorded confidential treatment, and the facts underlying such reasoning.  The confidential status of the challenged materials shall be maintained until final ruling by the Court on any motion, as well as the final resolution of any appeal from any such ruling.

10.     Violation by any person of any term of this Order shall be punishable as a contempt of court.  Any company or corporation that is affiliated with Defendant and that produced "Confidential Documents" or information responsive to a discovery request in this action shall be a third-party beneficiary this Order and may pursue all civil remedies available for breach thereof.  No provision of this Order shall be deemed to require any person or corporation not a party to this action to respond to any discovery request, except as may otherwise be required by law.  Nothing in this Order shall prevent or prohibit any party from seeking such additional or further protection as it deems necessary to protect documents or information subject to discovery in this action.

11.     This Order is subject to revocation or modification by order of the Court upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.  Moreover, nothing herein and no action taken hereunder shall constitute a waiver or admission that any specific document, material, testimony or thing:  (a) is or is not a trade secret or confidential proprietary information; (b) constitutes or does not constitute confidential medical or financial records;

or (c) is or is not admissible in evidence at trial or at any hearing.

12.     In the event that counsel for the Plaintiff, representatives, consultants or experts in this case who receive "Confidential Documents" are (a) served with a subpoena or other legal process in another action, or (b) served with a request or a demand in another action to which he or she is a party, or (c) served with a request or a demand or any other legal process by one not a party to this case concerning documents subject to this Order, that person (the recipient of "Confidential Documents") shall give prompt written notice of such event to Defendant.  Counsel for the Plaintiff parties agrees, on the basis of this Stipulation, to object to producing or responding to any such request, demand or subpoena.  Within ten (10) days from the giving of such written notice, Defendant shall advise the person who is to respond to the subpoena, request, or demand of its position concerning the production of documents subject to this Order.  The person served shall be obligated to cooperate to the extent necessary, to enforce the terms of this Order.

IT IS SO ORDERED.

Dated this 20th day of October, 2006, at Kansas City, Kansas.


            s/James P. O'Hara
            James P. O'Hara
            U.S. Magistrate Judge

APPROVED AS TO FORM AND
CONTENT:


___/s/ Thomas J. Notestine_____
Thomas J. Notestine
303 UMB Bank Bldg.
1310 Carondelet Dr., Suite 303
Kansas City, MO 64114
**Attorneys for Plaintiff**


___/s/ John Kurtz_____
John Kurtz
HUBBARD & KURTZ, LLP
1718 Walnut
Kansas City, MO 64106
**Attorneys for Plaintiff**


___/s/ John M. Waldeck_____
John M. Waldeck, KS #18387
WALDECK, MATTEUZZI & SLOAN, P.C.
2300 Main Street, 9th Floor
Kansas City, Missouri 64108
**Attorneys for Defendant**


___/s/ Brian T. Goldstein_____
Brian T. Goldstein, KS #19077
WALDECK, MATTEUZZI & SLOAN, P.C.
2300 Main Street, 9th Floor
Kansas City, Missouri 64108
**Attorneys for Defendant**