IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AUDREY EDWARDS, Individually and as Administrator of the Estate of Aredell Edwards, Deceased,<br><br>       Plaintiff,<br>v.<br><br>FIRST RESPONSE, INC.,<br><br>       Defendant. | Case No. 06-2336-JPO |

**FINAL JUDGMENT APPROVING SETTLEMENT**

On April 28, 2008, pursuant to K.S.A. § 60-1901 et seq., and notice duly given to the parties (*see* doc. 70), a hearing was conducted in open court by the undersigned U.S. Magistrate Judge, James P. O'Hara. The purpose of the hearing was to take up a joint oral motion by the parties for approval of a settlement of the wrongful death claim in this case. The plaintiff, Audrey Edwards, individually (i.e., in her capacity as widow and sole heir at law of Aredell Edwards), and also in her representative capacity as the duly appointed administrator of the Estate of Aredell Edwards, Deceased, appeared in person and by and through counsel, John W. Kurtz and Thomas J. Notestine. The defendant, First Response, Inc., appeared by and through counsel, Brian T. Goldstein. There were no other appearances.

Based on the evidence presented, the court finds:

1. On July 2, 2004, Aredell Edwards was shot and killed by a fellow employee at the ConAgra Foods, Inc. plant in Kansas City, Kansas. Certain aspects of the plant's security were provided by the defendant, First Response, Inc.

2.	Pursuant to K.S.A. § 60-1801 et seq., a "survival" claim for the decedent's pain and suffering was pleaded by plaintiff in her representative capacity in this case, which originally was filed in the District Court of Wyandotte County, Kansas and later removed by defendant to federal court.  Although the survival claim was reasonably investigated by plaintiff's counsel, John W. Kurtz and Thomas J. Notestine, apparently no evidence was developed that would support asserting that claim at trial.  That is, although Aredell Edwards did not die instantly, there is no evidence he actually was capable of any conscious pain and suffering once he was shot in the head.

3.	In addition to the survival claim brought on behalf of the decedent's estate, plaintiff has made claim against defendant for the wrongful death of Aredell Edwards.

4.	At the time of Aredell's Edwards death, he had been married to the plaintiff, Audrey Edwards, for approximately thirty-one years.  Aredell Edwards had no biological or adopted children.  His parents predeceased him.  Under Kansas law, as widow, Audrey Edwards is the only person authorized to make a claim for the wrongful death of Aredell Edwards, and it follows that she is the only person entitled to share in the proceeds of a wrongful death recovery.

5.	In prosecuting this case, plaintiff's counsel have reasonably investigated the pertinent facts and law, and they have advised plaintiff as to compromise and settlement issues.  Subject  to court approval, and with the understanding that defendant always has denied and continues to deny liability, the parties have agreed to settle this case for $350,000.  All of the settlement would be attributed to the wrongful death claim and, for the reasons

indicated above, nothing would be attributed to the survival claim.

6.      As recapped by Plaintiff's Exhibit No. 1, which was admitted into evidence during the hearing, the $350,000 settlement breaks down as follows:

| | | |
|---|---|---|
| Gross Settlement Proceeds | | $ 350,000.00 |
| Less: | | |
| Tom Notestine Expenses | | |
|     12-28-07 (John Bowen: Mills Depo.) | $ - 568.75 | |
|     02-28-08 (John Bowen: Mills Depo.) | $ - 573.50 | |
|     03-04-08 (Gene Dolginoff Assoc.) | $ - 596.90 | |
| Hubbard & Kurtz Expenses | $ - 13,406.56 | |
| Less: | | |
| $80,000 of Total Settlement - (No Atty Fees) | $ - 80,000.00 | |
| (In consideration of negotiated termination of work comp payments) | | |
| Net proceeds: | | $ 254,854.29 |
| Less: | | |
| Attorney's Fees (33 1/3%) | | $ - 84,951.43 |
|     Thomas Notestine (50%) = | $42,475.72 | |
|     H & K Law Firm (50%)   = | $42,475.71 | |

Note:  Fees have been further reduced by $4,370,41
       to cover a workers compensation attorney's fee
       lien & also by $97.14 to enable Mrs. Edwards
       to receive $250,000 total.  Final fees = $80,483.88

| | |
|---|---|
| Subtotal: | $ 169,902.86 |
| Plus amount exempt from attorney's fees | $ + 80,000.00 |
| Amount of further reduced fees | $ +      97.14 |
| Client's Share | $ 250,000.00 |

7. Plaintiff requests this court to approve the settlement of the case on the terms presented in court, as well as the apportionment of the settlement proceeds to plaintiff. For the reasons earlier indicated, Audrey Edwards is the only person entitled to such proceeds under K.S.A. § 60-1901 et seq.

8. Plaintiff and her attorneys all believe and have represented to the court that the settlement is fair and reasonable, considering all the facts and circumstances. The court finds approval of the settlement is in plaintiff's best interests.

9. Plaintiff has made application for approval of her agreement for attorneys' fees and expenses in amounts described above. The court finds said sums and apportionment to be fair and reasonable under the circumstances.

10. The parties' settlement agreement and release is in due order and proper form.

11. The decedent's estate proceedings in the District Court of Wyandotte County, Kansas involve no assets other than the above-referenced survival claim, which for the reasons earlier indicated has no actual value. No claims have been filed against the estate, after notice duly given allowing creditors and other interested parties to file claims. Further, on April 29, 2008, the probate judge closed the estate proceedings and discharged the administrator, after specifically acknowledging that the survival claim has no value (*see* doc. 72).

In consideration of the foregoing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

    a. Audrey Edwards is the only person entitled to share in the proceeds of

the wrongful death settlement;

  b. No request has been made of this court to set aside any portion of the settlement to plaintiff Audrey Edwards as the administrator of the Estate of Aredell Edwards;

  c. The parties' settlement is approved by the court;

  d. Plaintiff shall:

    (i) Collect and receipt for the payment to be made at settlement as set forth in this judgment.

    (ii) Deduct and pay out of the settlement proceeds the attorneys' fees and expenses in the amounts set forth above.

    (iii) Acknowledge satisfaction for the judgment and costs.

    (iv) Distribute the net proceeds to Audrey Edwards at the time of settlement in the amounts set forth above.

    (v) Report and account for same to the court, if requested.

  e. The proposed contract of settlement having been approved by the court, the defendant, First Response, Inc., shall be and hereby is forever discharged of and from all liability for the injuries and death of Aredell Edwards.

  f. This case is hereby dismissed, with prejudice.

  g. The parties shall bear their own costs in connection with the dismissal of this case.

Dated this 2nd day of May, 2008, at Kansas City, Kansas.

        s/James P. O'Hara

>James P. O'Hara
>U.S. Magistrate Judge

Approved as to form and substance:

/s/ Thomas J. Notestine

_____
THOMAS J. NOTESTINE          Mo. Bar No. 25946
303 UMB Bank Bldg.
1310 Carondelet Drive, Suite 303
Kansas City, MO 64114
Telephone: 816-942-4900
Fax: 816-942-2671

/s/ John W. Kurtz

_____
JOHN W. KURTZ               Ks. Bar No. 18506
of
HUBBARD & KURTZ, L.L.P.
1718 Walnut
Kansas City, MO 64108
Telephone: 816-467-1776
Fax: 816-472-5464

ATTORNEYS FOR PLAINTIFF


/s/ Brian T. Goldstein

_____
BRIAN T. GOLDSTEIN          Ks. Bar No.  19077
of
WALDECK, MATTEUZZI & SLOAN, P.C.
1181 Overbrook, Suite 200
Leawood, KS 66211
Telephone:  913-253-2500
Fax:  913-253-2501

ATTORNEYS FOR DEFENDANT